ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| KIOMARA BÁEZ RODRÍGUEZ<br><br>RECURRIDO<br><br>V.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS; MUNICIPIO DE BAYAMÓN<br><br>PETICIONARIO | TA2025CE00201 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm. BY2024CV01439<br><br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martinez Cordero

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de agosto de 2025.

Comparece ante este foro intermedio el Municipio Autónomo de Bayamón (Municipio; peticionario) mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI) el 27 de junio de 2025 y notificada en esta misma fecha. En el aludido dictamen, el foro primario declaró No Ha Lugar la *Solicitud de desestimación y/o sentencia sumaria*, presentada por el Municipio.

Adelantamos que denegamos expedir el auto de *certiorari* presentado sin trámite ulterior. Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[1]

**I**

El 13 de marzo de 2024, la señora Kiomara Báez Rodríguez (Sra. Báez Rodríguez; recurrida) presentó una *Demanda* en concepto de daños y perjuicios contra la Autoridad de Acueductos y Alcantarillados (AAA) por acontecimientos ocurridos en la Carretera #861 Barrio Pájaros Americanos

---

[1] Esta regla nos permite preterir escritos o procedimientos en cualquier caso ante nuestra consideración, para su eficiente trámite.

en Bayamón Puerto Rico.[2] Esta alegó que el 2 de febrero de 2024 su padre, el señor Pedro Acevedo Guerra, falleció cuando perdió el control de su motora mientras transitaba por la mencionada carretera al caer encima de un hoyo, lo cual provocó que su rostro impactara un poste de aluminio del tendido eléctrico y cayera sobre el pavimento, resultó en su muerte. Luego de contestada la *Demanda*, la AAA presentó una *Demanda contra Terceros* donde incluyó al Departamento de Transportación y Obras Públicas, la Autoridad de Carreteras y Transportación y el Municipio de Bayamón.[3]

Así las cosas, el 6 de septiembre de 2024 la AAA y el Municipio, notificaron un desistimiento voluntario y sin perjuicio de la *Demanda contra Terceros* presentada en cuanto al Municipio.[4] Sin embargo, el 5 de diciembre de 2024, la AAA solicitó al TPI que dejara sin efecto la *Sentencia Parcial* que decretó el desistimiento solicitado en cuanto al Municipio por motivo de que entre ambas partes había un contrato mediante el cual se estableció que el Municipio de Bayamón realizaría todas las obras de asfalto en las vías públicas de su demarcación territorial sobre los trabajos de reparación que realizara la AAA.[5] Presentada la oposición por parte del Municipio,[6] el TPI declaró la solicitud No Ha Lugar. Sin embargo, el Municipio continuó siendo parte del pleito puesto que, el 7 de febrero de 2025, la Sra. Báez Rodríguez incluyó al Municipio como demandado mediante enmiendas a la *Demanda* incoada por motivo del contrato existente entre AAA y el Municipio.[7]

El 8 de abril de 2025, el Municipio presentó una *Solicitud de Desestimación y/o Sentencia Sumaria* donde alegaron que la carretera donde ocurrieron los hechos es una estatal y el Municipio goza de inmunidad al amparo del Artículo 1.053(g) del Código Municipal de Puerto Rico. También levantó la defensa de prescripción y alegó que la recurrida

---

[2] SUMAC, Entradas 1-5 en BY2024CV01439.
[3] SUMAC, Entrada 12 en BY2024CV01439.
[4] SUMAC, Entrada 58 en BY2024CV01439.
[5] SUMAC, Entrada 74 en BY2024CV01439.
[6] SUMAC, Entrada 84 en BY2024CV01439.
[7] SUMAC, Entrada 90 en BY2024CV01439.

no interrumpió el término prescriptivo correspondiente y presentó su demanda fuera de este.[8]   La Sra. Báez Rodríguez sometió su oposición[9] y, el 27 de junio de 2025, el TPI emitió su decisión al respecto.   En su Resolución declaró No Ha Lugar el petitorio del Municipio y fundamentó su dictamen al determinar lo siguiente:

> Del expediente en el caso de epígrafe, surge que la demandante realizó sus alegaciones en cumplimiento con la Regla 6.1 de Procedimiento Civil, *supra*.   Es decir, las alegaciones fueron sencillas, concisas y directas, donde, además, hizo constar la solicitud del remedio al cual cree tener derecho.  De las alegaciones y prueba en el expediente se desprende un supuesto contrato habido entre la AAA y el Municipio de Bayamón para la fecha de los hechos presentados.  **Sin embargo, no surge certificación alguna que demuestre quien tiene el control, jurisdicción y mantenimiento de la carretera en cuestión.**
>
> En atención a la prescripción, igualmente del expediente y de las alegaciones a la demanda, surge que los alegados hechos ocurrieron el 2 de febrero del 2024 y que la demandante en cumplimiento con el Código Municipal de Puerto Rico, *supra*, notificó al Municipio de Bayamón, mediante carta con acuse de recibo, el 5 de abril del 2024.  Entiéndase, dentro del término de noventa (90) días siguientes a la fecha en que esta tuvo conocimiento de los daños reclamados.   Por tal razón, la referida carta de notificación produjo la interrupción de la causa de acción contra el Municipio de Bayamón y el cómputo del plazo prescriptivo, comenzó nuevamente a transcurrir a partir de dicha fecha.  La segunda demanda enmendada se presentó el 7 de febrero de 2025, entiéndase dentro del término prescriptivo, ya que este había sido interrumpido hasta el 5 de abril de 2025.
>
> En consecuencia, aceptando como ciertas todas las alegaciones contenidas en la demanda y considerándolas de la forma más favorable a la parte demandante, este Tribunal concluye que no procede la desestimación de la demanda, ya que no hay certeza sobre quien tenía la jurisdicción, control y mantenimiento de la carretera en cuestión. Asimismo, determina que la causa de acción no está prescrita contra el Municipio de Bayamón. (Énfasis nuestro.)[10]

Inconforme con lo anterior, el Municipio recurre ante nosotros mediante el presente recurso y expone el siguiente único señalamiento de error:

> ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE DEMANDADA ALEGANDO QUE EXISTE CONTROVERSIA SOBRE LA JURISDICCIÓN, MANTENIMIENTO Y

---

[8] SUMAC, Entrada 101 en BY2024CV01439.
[9] SUMAC, Entrada 104 en BY2024CV01439.
[10] SUMAC, Entrada 118 en BY2024CV01439, págs. 10-11.

CONTROL DEL ÁREA DONDE OCURRIÓ EL ALEGADO ACCIDENTE.

Hemos examinado el recurso presentado y, en ánimo de promover el "más justo y eficiente despacho" del asunto ante nuestra consideración, optamos por prescindir de los términos y escritos ulteriores de conformidad con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *supra*.

## II

## A

El recurso de *certiorari* "permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido*." Rivera et al. v. Arcos Dorados*, 212 DPR 194, 207 (2023), que cita a *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012).  Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto.  *IG Builders v. BBVAPR*, *supra*.  El asunto que nos sea presentado en un recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1); esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 **o de la denegatoria de una moción de carácter dispositivo.**  No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.** […] (Énfasis nuestro.)

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari*.  Este examen consta de una parte objetiva y otra parte subjetiva.  Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso

de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente. Superada esta etapa, nos corresponde analizar si, bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. Como se sabe, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de <u>*certiorari*</u>, como sigue:

- A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

- B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

- C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

- D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

- E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

- F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

- G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta.*, *supra*, pág. 745.

**B**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). La citada regla dispone "que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2". (Énfasis en el original.) *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016).

Al resolver una moción de desestimación bajo la Regla 10.2 (5), *supra*, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 428. La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante". *Id.*, pág. 429. Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y "únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'". *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada". *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 429.

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "debemos considerar, 'si a la luz de la situación más

favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429 que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, [137 DPR 497 (1994)], *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.

El doctor Cuevas Segarra nos comenta que el Tribunal Supremo de Puerto Rico explicó de forma acertada en *Reyes v. Sucn. Sánchez Soto*, *infra*, lo siguiente:

> El texto de la actual Regla es a[u]n más favorable para un demandante, ya que la moción para desestimar no ha de considerarse s[o]lo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la concesión de un remedio, cualquiera que [e]ste sea. En vista de ello, las expresiones que hicimos en el caso de Boulon, particularmente la de que una demanda no debe ser desestimada por insuficiencia, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación, tienen aún mayor virtualidad […]. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo II, Publicaciones JTS, 2011, pág. 528 que cita a *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305,309 (1970).

Para que el demandado prevalezca al presentar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* "debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible

a su favor". *Id.,* pág. 529.  Sin embargo, esto último "se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente que de su faz no den margen a dudas".  Cuevas Segarra, *op. cit.*, pág. 529.

Por último, cabe mencionar que se plantea que cuando se presenta una moción de desestimación bajo la Regla 10.2 (5), *supra,* "[l]a controversia no es si el demandante va finalmente a prevalecer, sino, si tiene derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos [correctamente] alegados en la demanda".  *Id.,* pág. 530.  Así pues, al analizarse una moción de desestimación presentada tras una demanda "el tribunal debe concederle el beneficio de cuanta inferencia sea posible de los hechos alegados en dicha demanda".  *Id.,* pág. 532.

**III**

El peticionario nos plantea que erró el Tribunal de Primera Instancia al hallar que existía controversia sobre la jurisdicción, mantenimiento y control de la carretera donde ocurrieron los hechos que dieron pie a la *Demanda*.  Este fundamentó su señalamiento en que la Autoridad de Carreteras y Transportación alegó en su *Contestación a la Demanda Contra Terceros* que dicha carretera quedaba bajo la jurisdicción, control y deber de mantenimiento del Estado Libre Asociado, a través de su Departamento de Transportación y Obras Públicas.[11]

Tras evaluar los criterios de la Regla 52.1 de Procedimiento Civil, y de la Regla 40 de este Tribunal, resolvemos que no existe razón alguna para ejercer nuestra discreción en el caso ante nuestra consideración. Somos del criterio que no se justifica nuestra intervención en esta etapa del procedimiento, por tal razón procedemos a denegar la expedición del recurso de c*ertiorari* para que continúen los procedimientos conforme al manejo del caso por el Tribunal de Primera Instancia.

**IV**

Por lo antes expuesto, denegamos expedir el auto de *certiorari*.

---

[11] SUMAC, Entrada 38 en BY2024CV01439, pág. 2.

**Notifíquese**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones